[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on December 28, 1979 in Derby, Connecticut. They have resided continuously in this state since that time. There are two minor children issue of this marriage: Ryan Michael Maciog, born October 31, 1983 and Andrew John Maciog, born March 1, 1985.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81, 46b-82, 46b-56, 46b-84 and 46b-62 C.G.S. in reaching the decisions reflected in the orders that follow.
The parties were originally married to each other and divorced in August 1974 after a 4 year marriage. Thereafter, the parties remarried each other in December 1979. They have been married for approximately 20 years this second time. When the parties children reached school age, the plaintiff returned to work, doing a variety of different jobs. For the past approximately 5 years, she has been gainfully employed full time by the Ansonia School Board. The plaintiff earns a gross of $477.40 per week and a net of $362.90 per week. However, as Counsel pointed out, she claims no dependents for tax purposes. The plaintiff's pension of unknown amount will vest in 2014. The plaintiff is 50 years of age. She has had some serious health problems in the more recent past and is taking medication for high blood pressure, cholesterol and panic attacks. She had coronary bypass surgery in CT Page 12297 the fall of 1997.
The plaintiff was in charge of running the finances of the family home and in the day to day general management of the home. She was referred to as the purchasing agent for the home and for her husband and children.
The wife claimed the husband was not supportive of her emotionally.
The defendant is 51 years of age. He has some residual health problems as a result of a motor vehicle accident in 1991. He is not under any treatment now and his health problems do not prevent him from doing his present job. The defendant has been employed at Sikorsky for the past 22 years. He has never turned down overtime and has been the main breadwinner of the family. He earns approximately $70,400. gross per year.
The defendant also bought and repaired old Corvettes and other motor vehicles and then sold them for profit. The defendant claims he earned over $25000 in buying, repairing and selling these motor vehicles. The defendant also did some carpentry work on the side.
Both parties contributed to the building of this marital home on land the defendant purchased just prior to their second marriage. This property has a fair market value of $127,000 to $136,000 and is subject to a mortgage in the amount of $50,000.
The defendant is the sole owner of a parcel of land in Oxford which was the subject of much testimony. The parties owned this property jointly at the time of their first marriage. Subsequently, the plaintiff sold her interest in this land to the defendant prior to the second marriage. The defendant has solely owned this property during the marriage of approximately 20 years. This property has a present fair market value of approximately $53,000. The defendant claims he was offered $23,000 for the Oxford property in 1979. The defendant claimed the real estate taxes and other expenses connected with this property came from the funds and profits he made selling the cars he repaired, and his carpentry.
The defendant claims he was unaware of the credit card debt run up by the plaintiff. The defendant took out substantial sums from his pay which were applied to his 401(k) plan at Sikorsky's. The CT Page 12298 401(k) has a present value of approximately $327,000. according to plaintiff's Exhibit 2.
Both parties have pensions. The defendant's pension is vested. The plaintiff also has a pension which will vest in April 2014.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of their marital relationship.
The Court has carefully considered the appropriate statutory criteria and enters the following orders:
CUSTODY
There shall be joint legal custody of the two minor children, with primary physical residence with the plaintiff.
VISITATION
The defendant shall have rights of reasonable, liberal and flexible visitation with the minor children, keeping in mind the schedules and activities of the minor children, said visitation shall include and not be limited to the following:
1) Two evenings per week from 4 p. m. to 7 p. m.
2) Sunday from noon to 7 p. m.
3) One week during the summer school vacation and one week during the school year vacations
4) Christmas Day from noon to 9:00 p. m.
5) The parties shall alternate the remaining holidays
6) Such other times as the parties shall agree upon, again taking into consideration the desires and activities of the minor children.
REAL ESTATE
1. The plaintiff wife shall be entitled to the sole and exclusive possession of the marital home located at 19 Kiely Lane, Ansonia, Connecticut, until such time as the minor child CT Page 12299 Andrew completes and graduates from high school or reaches the age of 19 years, whichever is later.
At which time, the marital home shall be placed on the market for sale and said marital home shall be sold as expeditiously as possible. Each party shall choose a real estate agent to appraise the property to determine the fair market value and/or listing price. If the parties are unable to agree on the fair market value and/or listing price, then each party shall choose a real estate agent and the 2 real estate agents shall choose a 3rd real estate agent to determine the fair market value and/or listing price of the marital home.
2. Upon the sale of the property and after the payment of the real estate commission, mortgage, attorney's fees and usual customary closing costs, the net proceeds shall be divided 50% to the plaintiff and 50% to the defendant. The plaintiff shall be entitled to a credit for whatever she has paid down on the mortgage principal.
3. The defendant shall be entitled to have the right of first refusal to purchase said real estate at its fair market value.
 4. (a) Until such time as the marital home is sold, the plaintiff shall be responsible for the mortgage, insurance and taxes on said premises. Any major repairs in excess of $300 shall be equally divided between the parties.
 (b) the cost of repairs to the deck and the roof work shall be equally divided between the parties.
5. The Court shall retain jurisdiction over any disputes arising out of the sale of this real estate.
6. The defendant agreed to vacate the marital home within 10 days of September 2, 1999 and it is so ordered.
OXFORD PROPERTY
The defendant shall retain the Oxford property located at Bowers Hill Road, Oxford, free and clear from any claim by the plaintiff.
OTHER PROPERTY
CT Page 12300
1. The Merrill-Lynch account in the amount of $7900 shall be liquidated and utilized to pay the following:
a. The joint Sikorsky Line One account; and
b. The joint Visa account.
The remainder of the Merrill-Lynch account shall be equally divided between the parties.
2. The 1963 Studebaker Avanti is awarded to the plaintiff along with the Toyota 4 Runner.
3. The 1966 Corvette and miscellaneous car parts shall be sold to a neutral buyer and the proceeds shall be equally divided between the parties.
4. The defendant shall retain his 1989 Toyota pickup truck and motorcycle.
5. The UGMA account which was created for the benefit of the minor child Ryan's post-high school education shall remain in trust for the benefit of the minor child. The custodian on saidUGMA shall be Rosemary Maciog. Both parties agreed to this provision.
6. Each party shall retain their current checking and savings account. The defendant failed to list on his financial affidavit checking and savings of approximately $2500.
CHILD SUPPORT
1. The defendant shall pay to the plaintiff as child support the sum of $270 per week which is in conformity with the child support guidelines.
2. Child support shall be paid until each child reaches the age of 19 years or graduates high school whichever event shall first occur, or the death or emancipation of each child.
3. In addition, the defendant shall be responsible for 53% and the plaintiff shall be responsible for 47% of all unreimbursed medical and dental expenses that exceeds $100 per year per child, in accordance with the child support guidelines. CT Page 12301
PENSION AND RETIREMENT PLANS
1. The defendants 401(k) plan shall be equally divided between the parties except that the plaintiff shall receive an additional amount of $20,000 (twenty thousand dollars) to recognize her interest in the Oxford property which was awarded to the defendant. Said division shall be accomplished by a QDRO or other means as the parties shall agree.
2. The plaintiff shall be entitled to 50% of the defendant's pension at United Technologies/Sikorsky which shall be secured by means of a QDRO.
3. The plaintiff shall retain her interest in her City of Ansonia retirement plan free from any claim by the defendant.
Said pension plan has not yet vested.
DEBTS
1. The plaintiff shall be responsible for her A T T Mastercard debt and the other debts as set forth on her financial affidavit.
2. The defendant shall be responsible for the debts on his financial affidavit except for the Visa and Line One accounts which have been addressed above.
MISCELLANEOUS PERSONAL PROPERTY
1. The defendant is awarded the following:
a. The pedestal table with four chairs;
b. TV with cabinet;
c. VCR;
d. Small refrigerator;
e. Bar items;
f. Stove; CT Page 12302
 g. His tools, power tools and compressor, carpentry tools;
h. Old air conditioner;
i. Grandpa's tools;
j. Curved glass china closet.
2. The plaintiff is awarded the remaining items of personal property contained in the house.
MEDICAL INSURANCE
1. The plaintiff shall continue to maintain the minor children on her health insurance policy so long as it is available to her through her place of employment at a reasonable cost.
2. The defendant shall also continue to maintain the minor children on his health insurance policy as is available to hium through his employment at a reasonable cost.
3. The plaintiff is entitled to exercise the rights as set forth in § 46b-84 C.G.S.
4. The issue of unreimbursed medical bills has been previously addressed.
ALIMONY
1. The defendant shall pay to the plaintiff as periodic alimony the sum of $90 per week until the death of either party, or the remarriage of the plaintiff or her cohabitation as defined by statute.
2. Upon the retirement of the defendant, the court shall take a second look at the amount of the award of alimony.
DEPENDENCY EXEMPTIONS
The defendant shall be entitled to claim the minor child Andrew as a dependent for income tax purposes and the plaintiff shall be entitled to claim Ryan as a dependent for income tax purposes commencing with the year 1999. CT Page 12303
LIFE INSURANCE
1. The defendant shall continue to maintain the life insurance as he has available through his place of employment for the irrevocable benefit of the plaintiff and the two minor children for so long as he has an obligation for alimony and/or child support.
2. This provision shall be modifiable.
WAGE WITHHOLDING
A contingent wage execution is ordered to secure the payment of child support and alimony.
COUNSEL FEES
No counsel fees are awarded to either party.
Coppeto, J.